Hay, Judge,
delivered the opinion of the court:
In the Army Appropriation Act approved July 9, 1918, 40 Stat. 850, it was provided: “ Sale of war supplies: That the President be, and he hereby is authorized, through the head of any Executive Department, to sell upon such .terms as the head of such Department shall deem expedient, to any person, partnership, association, corporation, * * * any war supplies, material and equipment.”
Under this act the Secretary of the Navy during the month of February, 1920, invited sealed bids for the purchase of certain steel upon terms prescribed in the advertisement inviting such bids.
The plaintiff in compliance with said terms submitted a sealed bid for the purchase of a portion of said material, namely a portion described and designated as list 72, lot 105, located in the navy yard at Charleston, S. C., and consisting of eight items of steel. His bid was to purchase the entire amount at 614 cents per pound. The bids were opened on .February 26, 1920. On 'the day following the opening of *229 the bids the plaintiff inspected each of these items of steel at the storehouse at the navy yard aforesaid. He objected to one of the items as being water damaged, and was released from the purchase of that item. By letter dated March 4, 1920, the bid of the plaintiff was accepted, and receipt was acknowledged of $2,950, and on March 26, 1920, the receipt of $20,684.38 was acknowledged by Geo. M. Stackhouse, Commander, Senior Member Board of Sale, in full on account of steel awarded the plaintiff by the Navy Department. The plaintiff sold items 2, 3, 4, 6, and 7 of the steel about the middle of March, 1920, at 8*4 cents per pound. Item 5 of the steel was delivered to the plaintiff, as was item 1 of said steel.
On May 26, 1920, the plaintiff was notified that out of the total of 330,950 pounds of steel purchased by him 300,891 pounds had been shipped ■ to another navy yard; that no further shipments ivould be made to him, and a check, for $18,811.32, being the price which he paid for the 300,891 pounds of steel, was sent to him, which check he received and cashed without protest. ,_s
On February 6, 1920, the Navy Department issued an order directing the Charleston Navy Yard to ship 6 of the items of steel at the Charleston Navy Yard to the Mare-Island Navy Yard in California to be'used for Government purposes there. The advertisement provided: “ Acceptances of bids are subject to actual quantities being in surplus as shown by inventories.” It seems, therefore, that the steel which the plaintiff failed to receive was not surplus, and when that was ascertained the Navy Department returned to the plaintiff the amount which he had paid, and this was accepted by the plaintiff without protest.
It does not appear that the plaintiff sustained any loss except the profits which he might have made by a resale of the steel which was not delivered.
Under the provisions of section 3744, Kevised Statute's, the Secretary of the Navy was required to cause every contract made by him, or by officers under him appointed to make contracts, “to be reduced to writing and signed by the contracting parties with their names at the end thereof.” In the case of Erie Coal amd Coke Corp. v. United States, *230 decided by the Supreme Court of the United States January 5, 1925, 266 U. S. 518, it is said: “ The act of July 11, 1919, authorizing the Secretary to sell surplus war supplies, is not inconsistent with that section and does not repeal or modify it. There is no reason why it should not apply to contracts made in pursuance of the later act.” The same reasoning applies with equal force to the act of July 9, 1918, 40 Stat. 850, under which the supplies were sold in this case. In accordance with the decision of the Supreme Court of the United States cited, supra, it must be held that because of failure to make and sign a written contract as required by section 3744 the United States is not bound.
It may be further suggested that the return to the plaintiff of the proportionate part of the purchase price applicable to the undelivered steel and its acceptance by the plaintiff without protest amounted to a rescission of the contract if there was one.
The petition of the plaintiff must be dismissed. It is so ordered.
Güaham, Judge; DowNey, Judge; Booth, Judge; and Cambbell, Chief Justice, concur.